# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

BETHANY S.,[1]

                      Plaintiff,

v.                                                      5:20-CV-682 (ATB)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

BETHANY S., Plaintiff Pro Se
MOLLY CARTER, Special Asst. U.S. Attorney, for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

This case was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1, and the consent of the parties. (Dkt. Nos. 4, 7).

On February 23, 2021, the Commissioner filed a Motion for Remand pursuant to sentence four of 42 U.S.C. § 405(g). The pro se plaintiff did not respond to the Commissioner's motion by the March 16, 2021 deadline set by the court.

The Commissioner concedes that the administrative law judge did not consider the November 2018 opinion of plaintiff's primary care provider, Dr. Patel, (Administrative Transcript ("T.") 730-35), in accordance with the applicable

---

[1] In accordance with recent guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 in order to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify the plaintiff using only her first name and last initial.

regulations.[2]  "When there are gaps in the administrative record or the ALJ has applied an improper legal standard . . . remand to the Secretary for further development of the evidence" is generally appropriate. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). However, this court cannot conclude that "substantial evidence on the record as a whole indicates that the [plaintiff] is disabled[,]" and thus, I cannot recommend a remand solely for the determination of benefits. *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).[3]

Accordingly, this matter is remanded to the Commissioner for further proceedings. On remand, the Commissioner should re-evaluate the medical opinion evidence in accordance with 20 C.F.R. § 416.920c, re-assess the claimant's residual functional capacity in light of the consideration of the opinion evidence, continue through the sequential evaluation process, offer the claimant the opportunity for a hearing, take further action to complete the administrative record resolving the above issues, and issue a new decision.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the decision of the Commissioner is **REVERSED** and this case

---

[2] The ALJ found that Dr. Patel's medical source statement was not persuasive because it was illegible. (T. 34).  The printed portion of the copy of the medical source statement form submitted by Dr. Patel was very difficult to read.  However, it is a commonly used form (Form HA-1151-BK (4-2009), Approved OMB No. 0960-0662), which is readily accessible on the Internet, so that the questions could be readily determined.  Dr. Patel's hand-written responses to the questions on the form, primarily check marks in particular boxes on the form, were legible, and some of his opinions about the plaintiff's exertional limitations were clearly inconsistent with the residual functional capacity findings of the ALJ (T. 24).

[3] Neither the consultative examiner, Dr. Lorensen, nor the state agency consultant, Dr. Pradhan, opined that plaintiff had disabling physical limitations.  (T. 108, 425).  The ALJ found neither of their opinions to be persuasive, concluding that plaintiff had more significant (albeit non-disabling) physical limitations than Dr. Lorensen and Dr. Pradhan described.  (T. 27-28, 34).

**REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Memorandum-Decision and Order, and it is

**ORDERED**, that the Clerk enter judgment for **PLAINTIFF**.

Dated: March 23, 2021

_____
Andrew T. Baxter
U.S. Magistrate Judge